# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Corbin R. Davis

ROCK v CROCKER

Docket No. 150719.  Argued January 13, 2016 (Calendar No. 1).  Decided June 6, 2016.

Dustin Rock brought a medical malpractice action in the Kent Circuit Court against K. Thomas Crocker, D.O. (a board-certified orthopedic surgeon), and K. Thomas Crocker, D.O., PC (his professional corporation).  Crocker had performed surgery on Rock's fractured ankle and also provided postsurgical care.  Dr. David Viviano subsequently performed a second surgery on Rock's ankle, allegedly because Crocker's surgery had failed to unite all the pieces of the fracture.  Rock alleged that Crocker had committed 10 negligent acts during the first surgery and over the course of his postsurgical care.  Along with his complaint, Rock filed an affidavit of merit from Dr. Antoni Goral, a board-certified orthopedic surgeon who opined with respect to two of the allegations: that Crocker had breached the standard of care by not using enough screws or the proper length plate for the fracture and by prematurely allowing Rock to put weight on his leg.  Goral later testified in a deposition, however, that these actions did not result in injury.  Crocker then moved in limine to strike the two allegations and preclude Rock from presenting any evidence at trial regarding these alleged breaches of the standard of care.  Rock acknowledged that Goral's statements failed to establish proximate cause but argued that the evidence was relevant to Crocker's expertise and competency to perform the surgery.  The court, James Robert Redford, J., agreed and denied Crocker's motion.  The court concluded that the evidence was relevant to the issue of Crocker's general competency.  The court also concluded that under MRE 403, the prejudice posed by the evidence did not substantially outweigh its probative value.  During subsequent pretrial proceedings, plaintiff identified Viviano as a standard-of-care expert.  Viviano had been a board-certified orthopedic surgeon when Crocker performed the surgery, but his certification had since expired and not been renewed.  Crocker moved to exclude any standard-of-care testimony by Viviano, and the court granted the motion.  Rock appealed by leave granted, and Crocker cross-appealed.  The Court of Appeals, SHAPIRO, P.J., and WHITBECK and STEPHENS, JJ., affirmed in part, reversed in part, and remanded for further proceedings, agreeing that while Rock could not seek damages for the two allegations that had been struck, the evidence underlying those allegations could be admitted at trial because it might be relevant to the jury's understanding of the case.  Given the potential effect of that ruling on the MRE 403 analysis, the Court of Appeals remanded the case for reconsideration of the admissibility of the evidence.  The Court of Appeals also ruled that Viviano could testify as an expert. 308 Mich App 155 (2014).  The Supreme Court granted Crocker and his corporation's application for leave to appeal.  497 Mich 1034 (2015).

In a unanimous opinion by Justice BERNSTEIN, the Supreme Court *held*:

The board-certification requirement for an expert witness in a medical malpractice action is based on the expert's board-certification status at the time of the alleged malpractice rather than at the time of the testimony.

1. Under MRE 401 and MRE 402, evidence must be relevant to be admissible. The relevance contemplated by MRE 401 and MRE 402, however, is logical relevance. Even if logically relevant, evidence may still be excluded under MRE 404 because MRE 404 is a rule of legal relevance, limiting the use of evidence that is nonetheless logically relevant. MRE 404(b)(1) states that evidence of other acts is not admissible to prove a person's character in order to show that he or she acted in conformity with it, but the evidence may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident. Other-acts evidence is only admissible under MRE 404(b)(1) when a party shows that it is (1) offered for a proper purpose, i.e., to prove something other than the defendant's propensity to act in a certain way, (2) logically relevant, and (3) not unfairly prejudicial under MRE 403. Any undue prejudice that would arise because the evidence also unavoidably reflects the defendant's character must then be considered under the MRE 403 balancing test, which permits the court to exclude relevant evidence if the danger of unfair prejudice substantially outweighs the evidence's probative value. Without distinguishing logical relevance from legal relevance in this case, the Court of Appeals simply agreed with the trial court that the evidence in question might be relevant to the jury's understanding of the case and was relevant to Crocker's competency in treating Rock's injury and remanded the case for the trial court to conduct the MRE 403 balancing test. In doing so, it missed an essential step because it failed to first consider whether the evidence was legally relevant under MRE 404(b). The proposed evidence passed the logical-relevance test of MRE 401 and 402 because it tended to demonstrate that Crocker had a propensity for negligence in treating Rock's injuries, albeit in incidents that were causally unrelated to plaintiff's injury. The evidence of Crocker's shortcomings in other acts over the course of the surgery and postsurgical care would tend to paint a picture of his general incompetence, making it appear more probable than not that he was negligent when providing the care that caused Rock's injury. However, this would not immediately require the application of MRE 403. Before applying MRE 403, the trial court should have considered whether the evidence was legally relevant and admissible under MRE 404(b) given that the evidence appeared to be intended to show that Crocker had a propensity to breach the standard of care when he treated Rock. This necessitated an inquiry into whether there was a proper purpose for admitting other-acts evidence. The trial court should have applied MRE 403 only if it found a proper purpose under MRE 404(b). Accordingly, it was necessary to vacate that portion of the Court of Appeals' judgment analyzing this issue to the extent that it concluded that evidence concerning the two alleged breaches of the standard of care that did not cause Rock's injury may be admissible and remand for the trial court for it to perform the full MRE 404(b) analysis before engaging in an MRE 403 analysis to decide whether the evidence is admissible.

2. The Court of Appeals properly held that an expert testifying against a board-certified defendant must have been board-certified in the same specialty as the defendant at the time of the occurrence that is the basis for the action. MCL 600.2912a(1) requires a medical malpractice

plaintiff to establish that the medical care provided by the defendant fell below the standard of medical care applicable at the time the care was provided. MCL 600.2169(1)(a) provides that a person may not give expert testimony on the appropriate standard of practice or care unless the person is licensed as a health professional, and if the party against whom or on whose behalf the testimony is offered "is a specialist, specializes at the time of the occurrence that is the basis for the action in the same specialty as the party against whom or on whose behalf the testimony is offered." The statute further provides, however, that if the party against whom or on whose behalf the testimony is offered "is a specialist who is board certified, the expert witness must be a specialist who is board certified in that specialty." The question in this case was when the board certifications must match. The use of the present-tense forms "is" and "specializes" would generally mean that the requirements relate to the present, which in this case would be the time of the testimony. However, the present-tense verb "specializes" relates to "the time of the occurrence" in the statute, which by definition would be an act that occurred in the past, that is, before the action was brought. In other words, the Legislature deviated from the general rules of grammar in MCL 600.2169(1)(a) by using the present tense when referring to an event that had already occurred. The board-certification requirement must be understood as an addition to the specialty requirement. Analyzing the plain language of the statute, contextual clues from the surrounding provisions, and the amendment history of the provision, it was clear that both the specialty and board-certification requirements apply at the time of the occurrence that was the basis for the claim or action.

Affirmed in part, vacated in part, and remanded for further proceedings.

©2016 State of Michigan

# OPINION

Chief Justice:          Justices:
Robert P. Young, Jr.    Stephen J. Markman
                        Brian K. Zahra
                        Bridget M. McCormack
                        David F. Viviano
                        Richard H. Bernstein
                        Joan L. Larsen

FILED  June 6, 2016

STATE OF MICHIGAN

SUPREME COURT

DUSTIN ROCK,

       Plaintiff-Appellee,

v                                                   No. 150719

K. THOMAS CROCKER and K. THOMAS
CROCKER, D.O., P.C.,

       Defendants-Appellants.

_____

BEFORE THE ENTIRE BENCH

BERNSTEIN, J.

This is a medical malpractice case involving (1) the admissibility of allegations of breaches of the standard of care that did not cause the plaintiff's injury and (2) the time at which a standard-of-care expert witness must meet the board-certification requirement in MCL 600.2169(1)(a). First, we vacate that portion of the Court of Appeals' judgment ruling on the admissibility of the allegations in this case and remand for the circuit court to determine whether the disputed evidence is admissible under MRE 404(b). Second,

we affirm the Court of Appeals' conclusion that a proposed expert's board-certification qualification is based on the expert's board-certification status at the time of the alleged malpractice rather than at the time of the testimony.

## I. FACTS AND PROCEDURAL HISTORY

In September 2008 plaintiff, Dustin Rock, fractured his right ankle while changing the brake pads on a truck. Defendant K. Thomas Crocker, D.O.,[1] a board-certified orthopedic surgeon, conducted surgery and provided postsurgical care. In October 2008, defendant allegedly told plaintiff that he could start bearing weight on his leg, though plaintiff did not start doing so at the time. In November 2008, another doctor, Dr. David Viviano,[2] performed a second surgery on plaintiff's ankle, purportedly because the surgery performed by defendant had failed to unite all the pieces of the fracture. At the time of the surgery performed by defendant, Viviano was a board-certified orthopedic surgeon.

In June 2010, plaintiff filed this lawsuit, alleging that defendant had committed 10 specific negligent acts during the first surgery and over the course of postsurgical care. Plaintiff asserted that he suffered additional medical expenses, as well as loss of earnings and earning capacity, because of defendant's negligence. Along with the complaint, plaintiff filed an affidavit of merit from Dr. Antoni Goral, a board-certified orthopedic

---

[1] The other defendant in this case is Crocker's professional corporation, K. Thomas Crocker, D.O., P.C. For convenience we will use the singular term "defendant" to refer to Crocker individually and, as needed, Crocker and the corporation jointly.

[2] Dr. Viviano is not related to Justice VIVIANO.

2

surgeon who opined that defendant had breached the standard of care by (1) not using enough screws or the proper length plate for the fracture during the surgery[3] and (2) prematurely allowing plaintiff to put weight on his leg after the surgery. However, Goral later admitted in a November 2011 deposition that the length and the placement of the plate and the number of screws used did not cause any injury to plaintiff because the bone had healed correctly. Goral also admitted that telling plaintiff his leg could bear weight did not cause plaintiff's injuries.

As a result of these admissions, defendant moved in limine to strike these two allegations and preclude plaintiff from presenting any evidence at trial regarding these alleged breaches of the standard of care. In response, plaintiff acknowledged that Goral's statements failed to establish proximate causation, but argued that the evidence was relevant to defendant's expertise and competency to perform the surgery. The trial court agreed with plaintiff and denied defendant's motion. The trial court concluded that the evidence was part of the res gestae of the claim and was relevant to the issue of defendant's general competency. The trial court also concluded that the prejudice posed by this evidence did not substantially outweigh its probative value under MRE 403.

During pretrial proceedings, plaintiff also identified Viviano as a standard-of-care expert. Although Viviano had been board-certified at the time of the alleged malpractice in September and October 2008, his certification expired in December 2011. In

---

[3] Because the parties and the Court of Appeals characterized the alleged violations related to the length of the plate and the number of screws as a single allegation, we do the same and treat them together as one of the two alleged breaches of the standard of care involved in the first issue in this case.

3

September 2012, defendant moved to exclude any standard-of-care testimony by Viviano because his board certification had expired before he testified and had not been renewed. The trial court granted defendant's motion, concluding that MCL 600.2169(1)(a) was "clear on its face" that "the expert witness must 'be' a specialist who 'is' board certified in that specialty." *Rock v Crocker*, unpublished opinion and order of the Kent Circuit Court, issued September 27, 2012 (Case No. 10-06307-NM), p 3. Because Viviano's certification had since lapsed, the trial court concluded that he was not qualified to testify about the applicable standard of care. *Id.*

Plaintiff sought interlocutory leave to appeal, challenging the trial court's ruling that barred Viviano from testifying. The Court of Appeals granted leave, and defendant cross-appealed. Relevant to the issues before us, defendant challenged the trial court's order denying defendant's motion in limine to strike the two allegations of malpractice that Goral testified had not caused plaintiff's injury.

In a published opinion, the Court of Appeals affirmed in part, reversed in part, and remanded for further proceedings. *Rock v Crocker*, 308 Mich App 155; 863 NW2d 361 (2014). The Court noted that defendant's motion to strike the allegations actually comprised two separate motions: (1) a partial summary disposition motion, because plaintiff may not seek damages for the two alleged breaches that did not cause the injury, and (2) a motion to exclude all evidence regarding the two allegations. *Id.* at 170. The Court agreed with defendant that plaintiff may not seek damages for those allegations. *Id.* Nonetheless, the Court of Appeals agreed with the trial court that the evidence underlying those allegations could be admitted at trial because it "may be relevant to the jury's understanding of the case." *Id.* However, given the finding that plaintiff could not

4

seek damages for those alleged violations and the potential effect of that ruling on the

MRE 403 analysis, the Court of Appeals remanded the case for reconsideration of the

admissibility of the evidence.[4] *Id.* With regard to the expert's qualifications, the Court

reversed the trial court's ruling that Viviano could not testify as an expert.

> We granted leave to appeal and directed the parties to brief
>
> (1) whether the lower courts erred in concluding that allegations relating to violations of the standard of care that the plaintiff's expert admitted did not cause the plaintiff's injury were admissible as evidence of negligence; and (2) whether the Court of Appeals erred in holding that, if the defendant is a board-certified specialist, MCL 600.2169(1)(a) only requires an expert to be board certified in that same specialty at the time of the malpractice, and not at the time of trial. [*Rock v Crocker*, 497 Mich 1034; 863 NW2d 330 (2015).]

## II. ADMISSIBILITY OF THE EVIDENCE

Defendant contends that evidence of alleged breaches of the standard of care that

did not cause plaintiff's injury is inadmissible. The admission of evidence is reviewed

for an abuse of discretion. *Craig v Oakwood Hosp*, 471 Mich 67, 76; 684 NW2d 296

(2004). A trial court does not abuse its discretion when its decision falls within the range

of principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d

809 (2006). "A court necessarily abuses its discretion when it 'admits evidence that is

inadmissible as a matter of law.' " *Craig*, 471 Mich at 76 (citation omitted).

---

[4] The Court also rejected defendant's challenge to the trial court's grant of plaintiff's motion in limine, barring defendant from presenting evidence that plaintiff was receiving no-fault wage-loss benefits to show a motive to malinger. *Rock*, 308 Mich App at 171-174. Defendant does not raise this issue before us, and we will not review it.

In a medical malpractice case, the plaintiff bears the burden of proving (1) the applicable standard of care, (2) a breach of that standard by the defendant, (3) an injury, and (4) proximate causation between the alleged breach of duty and the injury. *Wischmeyer v Schanz*, 449 Mich 469, 484; 536 NW2d 760 (1995). MCL 600.2912a(2) specifically provides that "the plaintiff has the burden of proving that he or she suffered an injury that more probably than not was proximately caused by the negligence of the defendant or defendants." Therefore, drawing a causal connection between a defendant's breach of the applicable standard of care and a plaintiff's injuries is critical. See *Craig*, 471 Mich at 86.

With a general understanding of plaintiff's burden of proof, we turn to the Michigan Rules of Evidence to assess the admissibility of Goral's testimony regarding the two breaches of the standard of care that did not cause the injury for which plaintiff now seeks compensation. To be admissible, evidence must be relevant. MRE 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. The relevance contemplated in MRE 401 and MRE 402 is logical relevance. *People v VanderVliet*, 444 Mich 52, 60; 508 NW2d 114 (1993).[5] Even if logically relevant under MRE 401 and MRE 402, evidence

---

[5] Although many of this Court's rulings concerning MRE 404 happen to be criminal cases, MRE 404 is applicable in civil cases as well as criminal cases. See *Lewis v LeGrow*, 258 Mich App 175, 207; 670 NW2d 675 (2003) (noting the 1991 amendment of MRE 404(b) to replace the phrase "the crime charged" with "the conduct at issue in the case"). See also *People v Jackson*, 498 Mich 246, 262 n 5; 869 NW2d 253 (2015) (noting that the phrase "conduct at issue" clarifies "that '[t]he rule applies in civil cases even though it is used more often in criminal cases' ") (citation omitted) (alteration in

6

may still be excluded under MRE 404 because MRE 404 "is a rule of legal relevance, defined as a rule limiting the use of evidence that is logically relevant." *Id*. at 61-62. Legal relevance, as a limiting rule, concerns the purpose for which evidence is used.[6] In particular, MRE 404(b)(1) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

Therefore, evidence that is logically relevant under MRE 401 and MRE 402 may be excluded under MRE 404(b)(1) for lacking legal relevance if it does not have a proper purpose.[7]

Other-acts evidence is only admissible under MRE 404(b)(1) when a party shows that it is (1) offered for a proper purpose, i.e., to prove something other than the

---

original). Accordingly, we consider criminal rulings regarding MRE 404(b) for guidance in applying the rule in the present civil case.

[6] See *Huddleston v United States*, 485 US 681, 687; 108 S Ct 1496; 99 L Ed 2d 771 (1988) ("Generally, [FRE 404 through 412] do not flatly prohibit the introduction of such evidence but instead limit the purpose for which it may be introduced. [FRE] 404(b) [which is equivalent to MRE 404(b)], for example, protects against the introduction of extrinsic act evidence when that evidence is offered solely to prove character.").

[7] We also note that courts have barred propensity evidence in the context of medical malpractice. See, e.g., *Wlosinski v Cohn*, 269 Mich App 303, 312; 713 NW2d 16 (2005) (opinion by O'CONNELL, P.J.) ("Propensity evidence is barred because it diverts a jury's attention from the facts of the case being tried and focuses it on the probability that the defendant, who has made so many mistakes before, made one again.").

defendant's propensity to act in a certain way, (2) logically relevant, and (3) not unfairly prejudicial under MRE 403. *People v Knox*, 469 Mich 502, 509; 674 NW2d 366 (2004).[8] " '[I]f the proponent's only theory of relevance is that the other act shows defendant's inclination to wrongdoing in general to prove that the defendant committed the conduct in question, the evidence is not admissible.' " *Jackson,* 498 Mich at 258, quoting *VanderVliet*, 444 Mich at 63. In *People v Mardlin*, this Court further explained:

> Evidence is *inadmissible* under [MRE 404(b)] *only* if it is relevant *solely* to the defendant's character or criminal propensity. Stated another way, the rule is not exclusionary, but is inclusionary, because it provides a nonexhaustive list of reasons to properly admit evidence that may nonetheless also give rise to an inference about the defendant's character. Any undue prejudice that arises because the evidence also unavoidably reflects the defendant's character is then considered under the MRE 403 balancing test, which permits the court to exclude relevant evidence if its "probative value is substantially outweighed by the danger of unfair prejudice . . . ." MRE 403. Finally, upon request, the trial court may provide a limiting instruction to the jury under MRE 105 to specify that the jury may consider the evidence only for proper, noncharacter purposes. [*People v Mardlin*, 487 Mich 609, 615-616; 790 NW2d 607 (2010) (citations omitted).]

Accordingly, while MRE 404(b) is an inclusionary rule, it is still subject to the balancing test under MRE 403.

Without distinguishing logical relevance from legal relevance, the Court of Appeals agreed with the trial court.[9] The Court simply concluded that the evidence in

---

[8] Under MRE 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

[9] The Court of Appeals did not explicitly reject the trial court's ruling that the proposed evidence might be admissible as part of the res gestae of the malpractice claim. We take

8

question "may be relevant to the jury's understanding of the case," *Rock*, 308 Mich App at 170, and is "relevant to [defendant's] competency in treating [plaintiff's] injury," *id*. at 170 n 8. The Court remanded the case to the trial court to conduct the MRE 403 balancing test. In doing so, the Court missed an essential step because it failed to first consider whether the evidence was legally relevant under MRE 404(b).

The proposed evidence passes the logical-relevance test under MRE 401 and 402 because it tends to demonstrate that defendant had a propensity for negligence in treating plaintiff's injuries, albeit in incidents that were causally unrelated to plaintiff's injury. The evidence of defendant's shortcomings in other acts over the course of the surgery and postsurgical care tends to paint a picture of defendant's general incompetence, making it appear more probable than not that defendant was negligent when providing the care that caused plaintiff's injury. However, this does not immediately call for the application of MRE 403. Before applying MRE 403, the trial court must consider whether the evidence was legally relevant and admissible under MRE 404(b) because the proposed evidence appears to be intended to show that defendant had a propensity to breach the standard of care when he treated plaintiff. This necessitates an inquiry into whether there was a proper purpose for admitting other-acts evidence as specified in the second sentence of MRE 404(b). Only if the trial court finds a proper purpose under MRE 404(b) should the trial court then apply MRE 403.

---

this opportunity to highlight that this Court made it clear in *Jackson* that MRE 404(b)(1) does not have a res gestae exception. *Jackson*, 498 Mich at 274. Accordingly, there is no res gestae exception to be considered here.

9

Accordingly, we vacate that portion of the Court of Appeals' judgment analyzing this issue to the extent it concluded that evidence concerning the two alleged breaches of the standard of care that did not cause plaintiff's injury may be admissible. We remand this case to the trial court for it to perform the full MRE 404(b) analysis before engaging in an MRE 403 analysis to decide whether the evidence is admissible.

## III. BOARD-CERTIFICATION REQUIREMENT

Defendant argues that an expert witness must be board-certified at the time she or he testifies in order to be qualified under MCL 600.2169(1)(a) to testify.[10] The Court of Appeals rejected this argument, holding that "an expert, testifying against a board-certified defendant must have been board-certified in the same specialty as the defendant at the time of the occurrence that is the basis for the action." *Rock*, 308 Mich App at 161. We agree and affirm that ruling.

Questions of statutory interpretation are reviewed de novo. *Halloran v Bhan*, 470 Mich 572, 576; 683 NW2d 129 (2004). A trial court's rulings concerning the qualifications of proposed expert witnesses are reviewed for an abuse of discretion. *Woodard v Custer*, 476 Mich 545, 557; 719 NW2d 842 (2006). A trial court does not abuse its discretion when its decision falls within the range of principled outcomes. *Maldonado*, 476 Mich at 388.

---

[10] Defendant contends that "the time of trial" is the appropriate point of reference. Because MCL 600.2169 does not limit its application to in-trial testimony, however, we consider the issue in terms of "the time of the testimony" instead.

A medical malpractice plaintiff must establish that the medical care provided by the defendant fell below the standard of medical care applicable at the time the care was provided. MCL 600.2912a(1). A physician who testifies regarding the standard of care at issue must satisfy the requirements of MCL 600.2169(1), which provides:

> In an action alleging medical malpractice, a person shall not give expert testimony on the appropriate standard of practice or care unless the person *is licensed as a health professional* in this state or another state and meets the following criteria:
>
> (a) If the party against whom or on whose behalf the testimony is offered is a specialist, *specializes at the time of the occurrence that is the basis for the action* in the same specialty as the party against whom or on whose behalf the testimony is offered. *However, if the party against whom or on whose behalf the testimony is offered is a specialist who is board certified, the expert witness must be a specialist who is board certified in that specialty.*
>
> (b) Subject to subdivision (c), during the year immediately preceding the date of the occurrence that is the basis for the claim or action, devoted a majority of his or her professional time to either or both of the following:
>
> (*i*) The active clinical practice of the same health profession in which the party against whom or on whose behalf the testimony is offered is licensed and, if that party is a specialist, the active clinical practice of that specialty.
>
> (*ii*) The instruction of students in an accredited health professional school or accredited residency or clinical research program in the same health profession in which the party against whom or on whose behalf the testimony is offered is licensed and, if that party is a specialist, an accredited health professional school or accredited residency or clinical research program in the same specialty.
>
> (c) If the party against whom or on whose behalf the testimony is offered is a general practitioner, the expert witness, during the year immediately preceding the date of the occurrence that is the basis for the claim or action, devoted a majority of his or her professional time to either or both of the following:
>
> (*i*) Active clinical practice as a general practitioner.

11

(*ii*) Instruction of students in an accredited health professional school or accredited residency or clinical research program in the same health profession in which the party against whom or on whose behalf the testimony offered is licensed. [Emphasis added.]

Reading Subsection (1) and Subdivision (a) together evinces that there are up to three requirements for an expert witness giving testimony: a licensure requirement, a specialty requirement, and a board-certification requirement. With respect to the licensure requirement, the parties do not dispute that the expert must be licensed at the time of the testimony.

With respect to the specialty requirement, Subdivision (a) requires that the specialty of the proposed expert witness match that of the party against whom or on whose behalf the testimony is offered. Subdivision (a) explicitly requires that this match occur "at the time of the occurrence that is the basis for the action." MCL 600.2169(1)(a). Subdivision (a) also makes it clear that the proposed expert witness must have the same board certification as the party against whom the testimony is offered. *Halloran*, 470 Mich at 574. The question is when the board certifications must match.

When construing statutory language, "[a]s far as possible, effect should be given to every phrase, clause, and word in the statute." *Sun Valley Foods Co v Ward*, 460 Mich 230, 237; 596 NW2d 119 (1999). "The statutory language must be read and understood in its grammatical context, unless it is clear that something different was intended." *Id*. " '[W]ords in a statute should not be construed in the void, but should be read together to harmonize [their] meaning . . . .' " *G C Timmis & Co v Guardian Alarm Co*, 468 Mich 416, 421; 662 NW2d 710 (2003) (citation omitted) (first alteration in original). On the

basis of the plain language of the statute and contextual clues from the surrounding provisions, we conclude that both the specialty and board-certification requirements apply at the time of the occurrence that is the basis for the claim or action.

We start by examining the first sentence of Subdivision (a) of MCL 600.2169(1). We acknowledge that the general rules of grammar dictate that using the present-tense forms "is" and "specializes" means that the requirements relate to the present, which in this case would be the time of the testimony. However, in the first sentence of Subdivision (a), the present-tense verb "specializes" relates to "the time of the occurrence," which is by definition an act that occurred in the past, that is, before the action is brought. In other words, the Legislature deviated from the general rules of grammar in MCL 600.2169(1)(a) by using the present tense when referring to an event that had already occurred.

The second sentence of Subdivision (a) of MCL 600.2169(1) begins with language that closely tracks that of the first sentence: "if the party against whom or on whose behalf the testimony is offered is a specialist." MCL 600.2169(1)(a). This suggests that the board-certification requirement mirrors the specialty requirement and should be understood as an addition to the specialty requirement.[11] Had the board-certification

---

[11] Construing the board-certification requirement as applying at the time of the occurrence is also consistent with *Woodard*. In *Woodard*, this Court commented on the requirement that the proposed expert witness be qualified to testify about what the relevant standard of care was when the alleged malpractice occurred:

> Because the plaintiff's expert will be providing expert testimony on the appropriate or relevant standard of practice or care, not an inappropriate or irrelevant standard of practice or care, it follows that the plaintiff's expert witness must match the one most relevant standard of practice or care—the

13

requirement been independent of and unrelated to the specialty requirement, there would have been no need to repeat some of this language, or to even put both requirements in the same subdivision.[12]

Additionally, it is noteworthy that the Legislature chose the word "however" to connect the two sentences of Subdivision (a) of MCL 600.2169(1). In *Halloran*, this Court focused on the use of that word. In its consideration of an expert witness who had never had the same board certification as the defendant, the Court emphasized the use of the word "however," which the Court defined as "in spite of that" and "on the other hand." *Halloran*, 470 Mich at 578, citing *Random House Webster's College Dictionary* (2d ed). The *Halloran* Court ultimately established that the board-certification requirement is an "*additional* requirement for expert witness testimony" that applies " 'in spite of' the specialty requirement . . . ." *Halloran*, 470 Mich at 578. This suggests that the board-certification requirement is complementary to, rather than independent from,

---

specialty engaged in by the defendant physician during the course of the alleged malpractice, and, if the defendant physician is board certified in that specialty, the plaintiff's expert must also be board certified in that specialty. [*Woodward*, 476 Mich at 560.]

This suggests that the board-certification requirement also applies at the time of the alleged malpractice. Despite the fact that the central issue in *Woodard* did not involve the present issue, this Court's approach in *Woodard* lends support to our rejection of defendant's interpretation.

[12] Indeed, the Legislature could very well have chosen to put the board-certification requirement in MCL 600.2169(1) itself, along with the licensure requirement. However, that the specialty and board-certification requirements are both included in the same part of the statute—a subdivision that is separate from the part that contains the licensure requirement—is likely a reflection of the Legislature's recognition that a board certification is much more similar to a specialization than it is to licensure as a physician.

the specialty requirement. *Halloran*'s reading of the word "however" thus supports reading the two sentences together, so that both relate to the time of the occurrence that is the basis for the action.

Additional contextual clues support the interpretation that the board-certification requirement applies at the time of the occurrence. In examining the language of a statute, courts "consider both the plain meaning of the critical word or phrase as well as 'its placement and purpose in the statutory scheme.' " *Sun Valley*, 460 Mich at 237, quoting *Bailey v United States*, 516 US 137, 145; 116 S Ct 501; 133 L Ed 2d 472 (1995). "Although a phrase or a statement may mean one thing when read in isolation, it may mean something substantially different when read in context." *G C Timmis*, 468 Mich at 421.

MCL 600.2169(1)(b) looks backward in time by referring to "the year immediately preceding the date of the occurrence." MCL 600.2169(1)(c) likewise looks backward to "the year immediately preceding the date of the occurrence." Given that Subdivisions (b) and (c) and the first sentence of Subdivision (a) of MCL 600.2169(1) refer back to the time of the occurrence, it is unlikely that the Legislature meant to refer to the time of the testimony with respect to the board-certification requirement only. It is difficult to conclude that the first sentence of Subdivision (a) and the entirety of Subdivisions (b) and (c) refer to the time of the occurrence, but that the second sentence of Subdivision (a), without any clear indication to the contrary, relates not to the time of the occurrence but to the time of the testimony. Inserting a "time of the testimony" requirement in the midst of several "time of the occurrence" requirements would be an

15

illogical departure. Accordingly, the context of the statutory language makes it clear that the board-certification requirement applies at the time of the occurrence.

Comparing the current version of MCL 600.2169(1)(a) and the version in effect before its 1993 amendment also supports this conclusion. While the preamendment version did not have a board-certification requirement, it provided in relevant part that a person was not qualified to give expert testimony unless that person "[s]pecializes, or specialized at the time of the occurrence which is the basis for the action, in the same specialty . . . as the specialist who is the defendant in the medical malpractice action"[13] When the Legislature amended MCL 600.2169(1)(a) in 1993, it replaced this phrase with "specializes at the time of the occurrence that is the basis for the action in the same specialty as the party against whom or on whose behalf the testimony is offered."[14] See *Rock*, 308 Mich App at 163-164. This switch to only the present tense further confirms the Legislature's intent to use the present tense to refer to a past occurrence. Had the Legislature intended to distinguish between the time of the occurrence and the time of the testimony within MCL 600.2169(1)(a), the first sentence would have employed the past tense "specialized" instead of the present tense "specializes" or "is a specialist," while the second sentence would have employed the present tense. But that is not what the Legislature did here.

Because it is obvious from the first sentence of MCL 600.2169(1)(a) that the present tense word "specializes" relates to "the time of the occurrence," the Legislature

---

[13] MCL 600.2169(1)(a), as added by 1986 PA 178.

[14] MCL 600.2169(1)(a), as amended by 1993 PA 78.

16

was under no obligation to repeat the phrase "the time of the occurrence" in the second sentence. This Court explained that "the Legislature is not required to be overly repetitive in its choice of language." *Robinson v City of Lansing*, 486 Mich 1, 16; 782 NW2d 171 (2010). Thus, it was unnecessary for the Legislature to repeat the phrase "the time of the occurrence" in every instance given that the context of MCL 600.2169(1)(a), (b), and (c) makes it clear that the time of the occurrence is the relevant point in time. To add the phrase "at the time of the occurrence that is the basis for the action" in every applicable instance would have created an unduly cumbersome statute.

Our interpretation of MCL 600.2169(1)(a) avoids the problems presented by situations in which an expert witness's qualifications could not be ascertained until the date of the testimony. It is also consistent with the established relationship between MCL 600.2912d(1) and MCL 600.2169. "[U]nder MCL 600.2912d(1), a plaintiff is required to file with the complaint an affidavit of merit signed by *an expert who the plaintiff's attorney reasonably believes meets the requirements of MCL 600.2169*." *Grossman v Brown*, 470 Mich 593, 598; 685 NW2d 198 (2004) (some emphasis added). Requiring the board-certification requirement to apply at the time of the occurrence allows a plaintiff to ensure that an expert is qualified well in advance of the time of the testimony.[15]

---

[15] In addition, this interpretation prevents gamesmanship, such as a defendant-physician becoming board-certified shortly before trial and disqualifying an expert witness who is not board-certified, thereby depriving the plaintiff of his or her chosen expert.

17

Accordingly, we affirm the judgment of the Court of Appeals on this issue and hold that the board-certification requirement applies at the time of the occurrence that is the basis for the action, not the time of testimony.

## IV. CONCLUSION

We hold that the lower courts erred by concluding that the evidence of alleged violations of the standard of care that did not cause plaintiff's injury may be admissible without first applying the appropriate evaluation under MRE 404(b). We also hold that the board-certification requirement relates to the time of the alleged malpractice rather than the time that testimony is taken, given how the statute is structured and how the present tense is used in a nonstandard way in the specialty requirement. Therefore, we affirm the judgment of the Court of Appeals in part, vacate it in part, and remand the case to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

Richard H. Bernstein
Robert P. Young, Jr.
Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Joan L. Larsen

18