# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 16, 2018

154622

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

PATRICIA MERCHAND,
        Plaintiff-Appellee,

v

                                                              SC: 154622
                                                              COA: 327272
                                                              Ingham CC: 12-001343-NH

RICHARD L. CARPENTER, M.D.,
        Defendant-Appellant,

and

MID-MICHIGAN EAR, NOSE,
AND THROAT, P.C.,
        Defendant.
_____/

On March 6, 2018, the Court heard oral argument on the application for leave to appeal the August 2, 2016 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and REMAND this case to that court for consideration of the other evidentiary challenges raised by plaintiff but not addressed by that court in its initial review of this case.

In this case, plaintiff filed suit alleging that defendant committed medical malpractice during surgery by negligently injuring her right hypoglossal nerve. After a trial, the jury found defendant not professionally negligent, and the trial court entered a judgment of no cause of action. Plaintiff appealed, challenging, among other things, the trial court's ruling prohibiting plaintiff from presenting testimony from her expert witness, Dr. Michael Morris, regarding parallels between defendant's recordkeeping in the instant case and his recordkeeping in other cases in which he had been sued for malpractice. In an offer of proof, Dr. Morris opined that in the other cases, like in the instant case, defendant failed to record complications that arose during surgery or related patient complaints. Dr. Morris also opined on the accuracy of defendant's surgical methods and about other instances of defendant's alleged malpractice.

The Court of Appeals majority reversed the trial court and remanded for a new trial, holding that Dr. Morris' testimony was admissible under MRE 404(b) to demonstrate defendant's scheme, plan, or system of creating medical records that did not accurately reflect his interactions with patients when surgeries resulted in complications. But as the dissenting judge recognized, plaintiff never argued in the trial court that this

evidence was admissible for a proper purpose under MRE 404(b). *Merchand v Carpenter*, unpublished per curiam opinion of the Court of Appeals, issued August, 2, 2016 (Docket No. 327272), pp 2-3 n 3 (O'BRIEN, J., dissenting). The proponent of the evidence has the burden of establishing a proper, noncharacter purpose for its admission under MRE 404(b). See *People v Denson*, 500 Mich 385, 398 (2017). Because plaintiff here failed to make a cognizable argument under MRE 404(b) before the trial court, any failure to admit this evidence on that basis would not amount to an abuse of discretion. *Rock v Crocker*, 499 Mich 247, 255 (2016) ("A trial court does not abuse its discretion when its decision falls within the range of principled outcomes."). Therefore, we reverse the Court of Appeals' judgment and remand to that court for consideration of the other evidentiary challenges raised by plaintiff but not previously addressed.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 16, 2018



Clerk

t0509