# STATE OF MICHIGAN

# COURT OF APPEALS

GREATER FAITH TRANSITIONS, INC.,

Plaintiff-Appellant,

v

YPSILANTI COMMUNITY SCHOOLS,

Defendant-Appellee.

UNPUBLISHED
May 31, 2018

No. 338916
Washtenaw Circuit Court
LC No. 17-000220-CH

Before: MURRAY, C.J., and SERVITTO and BOONSTRA, JJ.

PER CURIAM.

Plaintiff appeals as of right the order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(8), dismissing plaintiff's amended complaint with prejudice, and dissolving the previously entered preliminary injunction. We affirm.

On August 13, 2013, plaintiff and defendant entered into a lease with option to purchase a property in Ypsilanti owned by defendant. The parties intended the lease to be effective until August 31, 2018. Under the lease terms, plaintiff was required to make monthly rent payments and to pay for all utility bills, including water bills. According to plaintiff, it had attempted to enforce its option to purchase the property in a text to defendant on February 2, 2017, that stated: "I tried to call you to make you aware of the fact that we're buying the church this year." On February 13, 2017, defendant sent to plaintiff a letter from its attorney and a Notice to Quit Termination of Tenancy, claiming that plaintiff was in default of the lease for repeated failure to pay water bills. Plaintiff admitted to minor delays in the past payments of water bills but claimed that, as of February 13, 2017, it was current on its water bill payments and its monthly rent payments.

Plaintiff alleged in its amended complaint that defendant's prospective eviction action against plaintiff would breach the lease because plaintiff would be deprived of the opportunity to cure any defaults during the term of the lease and thus to be able to exercise its option to purchase. Plaintiff further requested a preliminary injunction to prevent defendant from initiating summary proceedings in the district court because defendant's Notice to Quit was deficient and because defendant's termination of the tenancy was intended primarily as a penalty for plaintiff's attempt to enforce its option to purchase under the lease.

On April 19, 2017, the circuit court filed an order granting in part and denying in part plaintiff's motion for a preliminary injunction. Per the order, defendant was prohibited from

taking physical possession of the property until further order of the circuit court but was free to commence summary proceedings and pursue final judgment in the district court.

Defendant thereafter filed a motion for summary disposition pursuant to MCR 2.116(C)(8), requesting that the circuit court dismiss plaintiff's amended complaint with prejudice and dissolve the preliminary injunction. Defendant asserted that plaintiff's complaint stated, at best, potential defense to a not-yet-filed eviction action rather than causes of action. The trial court granted defendant's motion for summary disposition, dismissed plaintiff's amended complaint with prejudice, and vacated the preliminary injunction.

Plaintiff first argues on appeal that the trial court erred in dismissing its breach of contract claim. "This Court reviews de novo the grant or denial of summary disposition." *Hoffner v Lanctoe*, 492 Mich 450, 459; 821 NW2d 88 (2012). Summary disposition under MCR 2.116(C)(8) is appropriate when "[t]he opposing party has failed to state a claim on which relief can be granted." "A motion brought under subrule (C)(8) tests the legal sufficiency of the complaint solely on the basis of the pleadings." *Dalley v Dykema Gossett*, 287 Mich App 296, 304; 788 NW2d 679 (2010). "A party may not support a motion under subrule (C)(8) with documentary evidence such as affidavits, depositions, or admissions." *Id*. at 305. "All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). "However, the mere statement of a pleader's conclusions, unsupported by allegations of fact, will not suffice to state a cause of action." *ETT Ambulance Serv Corp v Rockford Ambulance, Inc*, 204 Mich App 392, 395; 516 NW2d 498 (1994). "A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Maiden*, 461 Mich at 119 (quotation marks and citation omitted).

Plaintiff's specific cause of action in its complaint was "breach of contract/promissory estoppel." On appeal, however, plaintiff only argues that it stated a valid claim for breach of contract. "A party asserting a breach of contract must establish by a preponderance of the evidence that (1) there was a contract (2) which the other party breached (3) thereby resulting in damages to the party claiming breach." *Miller-Davis Co v Ahrens Const, Inc*, 495 Mich 161, 178; 848 NW2d 95 (2014).

Neither party disputes that there was a valid contract. Plaintiff has not properly alleged, though, that defendant breached the contract. Plaintiff claims that "Defendant's improper use of summary proceedings to evict Plaintiff from the leased premises *will breach* the parties' Lease with Option to Purchase because Plaintiff will be deprived of its right to cure any defaults during the term of the Lease (i.e., through August 31, 2018) so that Plaintiff can exercise its option to purchase thereunder." However, to sustain a breach of contract claim, plaintiff must show that "the other party *breached*" the contract, not that it "will breach" the contract. *Miller-Davis*, 495 Mich at 178 (emphasis added).

In addition to failing to allege a breach of the contract, plaintiff also failed to plead that it had suffered damages, as required to sustain a breach of contract action. See *id*. "The party asserting a breach of contract has the burden of proving its damages with reasonable certainty,

and may recover only those damages that are the direct, natural, and proximate result of the breach." *Alan Custom Homes, Inc v Krol*, 256 Mich App 505, 512; 667 NW2d 379 (2003).

In this case, plaintiff claimed in the amended complaint that it suffered damages because "it will be deprived of its right to cure any defaults during the term of the Lease (i.e., through August 31, 2018)." However, potential future damages, such as the possibility of losing the right to cure defaults, is not sufficient to plead damages. This Court held in *Doe v Henry Ford Health System*, 308 Mich App 592, 602; 865 NW2d 915 (2014), that claimed damages that are "hypothetical," "speculative," or "depend entirely on the occurrence of multiple contingencies which might or might not occur at some point in the future" cannot support a breach of contract claim.

Furthermore, the trial court granted summary disposition because it found that the breach of contract claim was not ripe for review. This Court has affirmed a trial court's grant of summary disposition to a defendant when the trial court determined that the plaintiff's breach of contract claim was not ripe for adjudication because actual damages to the plaintiff were "only 'hypothetical' in nature." *Van Buren Charter Twp v Visteon Corp*, 319 Mich App 538, 542; 904 NW2d 192 (2017). Thus, as plaintiff's damages remain hypothetical at this point, the trial court was correct in granting summary disposition to plaintiff. See *id*.

Plaintiff next argues that the trial court erred in denying plaintiff further injunctive relief. "A trial court's decision whether to grant or deny injunctive relief is reviewed for an abuse of discretion." *Bank v Mich Ed Ass'n-NEA*, 315 Mich App 496, 500; 892 NW2d 1 (2016). "A trial court does not abuse its discretion when its decision falls within the range of principled outcomes." *Rock v Crocker*, 499 Mich 247, 255; 884 NW2d 227 (2016).

Because we have concluded that plaintiff failed to properly allege a cause of action for breach of contract, plaintiff's claim for injunctive relief necessarily fails. An injunction is an equitable remedy rather than an independent cause of action. *Terlecki v Stewart*, 278 Mich App 644, 663; 754 NW2d 899 (2008). "It is not the remedy that supports the cause of action, but rather the cause of action that supports a remedy." *Id*. (quotation marks and citations omitted). Thus, without a cause of action, injunctive relief is not warranted, and the trial court did not abuse its discretion in denying plaintiff further injunctive relief. See *id*.

Affirmed.

/s/ Christopher M. Murray
/s/ Deborah A. Servitto
/s/ Mark T. Boonstra