*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TERESA LYNN CASTRO, Personal Representative of the ESTATE OF NANCY MARGUERITE TORRES,

Plaintiff-Appellant,

v

CHARLES C. SHERRY, D.O., SPECTRUM HEALTH, and COREWELL HEALTH,

Defendants-Appellees.

UNPUBLISHED
June 12, 2026
10:19 AM

No. 375513
Kent Circuit Court
LC No. 24-003109-NH

Before: REDFORD, P.J., and WALLACE and LIEVENSE, JJ.

PER CURIAM.

Plaintiff, Teresa Lynn Castro, as personal representative of the Estate of Nancy Marguerite Torres, appeals from an April 16, 2025 opinion and order granting a motion for summary disposition filed by defendants, Dr. Charles Sherry, Spectrum Health, and Corewell Health, under MCR 2.116(C)(10). Because the record, as a whole, leaves no genuine issue of material fact, we affirm.

## I. FACTS AND PROCEDURAL BACKGROUND

This appeal arises from a medical malpractice action. The underlying facts described by the trial court are as follows:

> On June 23, 2022, Dr. Sherry replaced the [decedent's] right knee, using metal staples to close the wound. Prior to knee surgery, [decedent] had a variety of medical issues including a history of strokes, heart surgery, and ambulatory issues requiring the use of a cane and, eventually, a walker.

> * * *

> [Decedent] was discharged on June 25, 2022, to a nursing home, Regency at Fremont ("Regency"). On July 1, 2022, one of the physicians at Regency believed

that [decedent] had developed an infection and started her on antibiotics—but did not report the infection to Dr. Sherry. During this time, [decedent's] adult daughters had complaints about [decedent's] care at Regency—specifically that [decedent's] bandages were not getting changed as frequently as they should and that information regarding the wound and infection was not being communicated to Dr. Sherry. In early November 2022, [decedent] was brought to the hospital, presenting signs of a stroke. At the time of her admittance, there was no indication of sepsis or multi-organ failure. On November 26, 2022, [decedent] died, with the cause of death listed as congestive heart failure.

On April 1, 2024, a medical malpractice action was filed by plaintiff, as personal representative of decedent's estate. On January 17, 2025, after reviewing the parties' stipulation, the trial court entered an order dismissing defendants' January 3, 2025 motion for summary disposition, authorizing plaintiff to call one retained expert, Dr. Ronald Lederman, and provided that "[t]he only standard of care issue that will be addressed by [Dr. Lederman] is whether Dr. Charles Sherry breached the standard of care by utilizing metal staples at the conclusion of the June 23, 2022 total knee replacement surgery." Dr. Lederman submitted an Affidavit of Merit in support of plaintiff's complaint testifying to this action as a breach of the applicable standard of care.

Discovery occurred, and Dr. Lederman was deposed along with other witnesses. The trial court cited his deposition testimony in the opinion and order granting defendants' motion for summary disposition under MCR 2.116(C)(10). After providing the applicable standard of review and identifying the elements that plaintiff must demonstrate to succeed in her medical malpractice action, the trial court found plaintiff had not satisfied her burden of proving that decedent's death "more probably than not was proximately caused by the negligence of the defendant." MCL 600.2912a(2).

The trial court found that "Dr. Lederman has pointed to nothing in the record that would indicate that Dr. Sherry's use of staples was the actual cause of [decedent's] infection. Put another way, it is not enough for Dr. Lederman to state that Dr. Sherry 'should not have' used staples without any evidence indicating the staples were the likely cause of the infection." The trial court also cited the following "key points" in Dr. Lederman's deposition testimony:

> (1) [T]hat [decedent] was never diagnosed with a metal allergy; (2) that [decedent's] medical records did not appear to have any notation of a metal allergy; (3) that [decedent's] medical history included prior metal implants that did not cause problems; (4) that symptoms of a metal allergy would have likely arisen within 72 hours after the surgery, but [decedent's] symptoms did not arise for several weeks; and (5) that he never reviewed the records from Regency as to whether it provided proper wound care or whether Regency physicians notified Dr. Sherry of the infection. Further, Dr. Lederman agreed that [decedent's] entire post-surgical course could be explained without reference to a metal allergy.

These facts are not in dispute on appeal. Nor does plaintiff take issue with the trial court's analysis of the applicable law. Rather, plaintiff points to a statement on the death certificate, which

was certified by a Spectrum Health physician, Dr. Michael Minasian, M.D., identifying "[s]epsis secondary to infected right knee prosthesis" as one of several other significant conditions contributing to the listed causes of the decedent's death. Plaintiff also includes excerpts from two medical records, one from an August 30, 2022 office visit, and a second from a September 9, 2022 hospital admission, in which decedent reported an allergy to both metal and sutures. Dr. Lederman testified at deposition that he did not know if decedent was ever tested for a true metal allergy and that decedent underwent other procedures before this knee replacement that likely utilized metal staples to close the wound.

## II. ANALYSIS

### A. STANDARD OF REVIEW

The trial court granted defendants summary disposition under MCR 2.116(C)(10). This court rule tests the factual sufficiency of the complaint. *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004). To succeed, defendants must either present affirmative evidence negating an essential element of plaintiff's case or demonstrate plaintiff's evidence is insufficient to establish an essential element of her claim. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016). Once defendants satisfied this requirement, the burden shifts to plaintiff to "go beyond the pleadings [and] set forth specific facts showing that a genuine issue of material fact exists." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The trial court must review the record evidence submitted by both parties and make "all reasonable inferences therefrom," in favor of plaintiff as the nonmoving party. *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994). "A genuine issue of material fact exists when the record, giving the benefit of the reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). This Court reviews de novo the trial court's decision on such a motion to determine if the moving party is entitled to judgment as a matter of law. *Lowrey*, 500 Mich at 5-6.

### B. ANALYSIS

Neither excerpt from the decedent's medical record that plaintiff includes with her brief on appeal, nor the reference to "[s]epsis secondary to infected right knee prosthesis" in the attached medical record create a genuine issue of material fact regarding any element of plaintiff's medical malpractice claim. In this medical malpractice claim, plaintiff bears the burden of demonstrating each of the following elements: "(1) the applicable standard of care, (2) a breach of that standard by [a] defendant, (3) an injury, and (4) proximate causation between the alleged breach of duty and the injury." *Rock v Crocker*, 499 Mich 247, 255; 884 NW2d 227 (2016). "Furthermore, the plaintiff in a medical malpractice case must establish the proximate causation prong of [her] prima facie case by a preponderance of the evidence." *Craig ex rel Craig v Oakwood Hosp*, 471 Mich 67, 86; 684 NW2d 296 (2004). More specifically, plaintiff must establish that "but for" the use of metal staples, decedent's death would not have occurred and, also, that the death was a foreseeable consequence such that defendant should be held legally responsible for this consequence. *Id.*, quoting *Skinner*, 445 Mich at 166. Expert testimony is required to establish causation. *Kalaj v Khan*, 295 Mich App 420, 429; 820 NW2d 223 (2012).

Neither the statement on the death certificate nor the medical records demonstrate by a preponderance of the evidence that, but for the use of metal sutures, the decedent would not have passed away. To the contrary, the causes of death identified on the death certificate are "Diastolic Congestive heart failure" and "Ischemic Cardiomyopathy." The sepsis secondary to the knee replacement is identified as one of three "other significant conditions" contributing to these causes of death. Moreover, as the April 2025 opinion and order aptly notes, Dr. Lederman himself testified that, among other things, "[p]laintiff's medical history included prior metal implants that did not cause problems" and that "symptoms of a metal allergy would have likely arisen within 72 hours after surgery, but Plaintiff's symptoms did not arise for several weeks." While Dr. Lederman testified that Dr. Sherry "should have used sutures," the medical records that plaintiff includes on appeal indicate that the decedent reported an allergy to sutures as well. The record supports the trial court's finding that plaintiff has not pointed to any evidence that affords a reasonable basis for the conclusion that it is more likely than not that Dr. Sherry's use of staples is what caused plaintiff's injury and, ultimately, death.

The burden is on plaintiff, when faced with defendants' motion for summary disposition, to present record evidence supporting a genuine issue of material fact for trial. The trial court's decision finding that plaintiff failed to satisfy this burden is well-supported by law and fact.

Affirmed.

/s/ James Robert Redford
/s/ Randy J. Wallace
/s/ Andrew J. Lievense