**DENBO IRON & METAL COMPANY, Plaintiff,**

**v.**

**TRANSPORTATION INSURANCE COMPANY, Defendant.**

**CV No. 92–HM–1294–NE.**

United States District Court, N.D. Alabama, Northeastern Division.

June 23, 1992.

Kenneth M. Schuppert, Jr., Blackburn Maloney & Schuppert PC, Decatur, Ala., for plaintiff.

Jonathan H. Waller, Daniel B. Feldman, Haskell Slaughter Young & Johnston, Birmingham, Ala., for defendant.

**1.** ¶ 1 of the complaint alleges that plaintiff is an Alabama corporation with its principal place of business in Decatur, Morgan County, Alabama. ¶ 2 alleges that the defendant is a corporation which does business by agent and/or U.S. mail in Decatur, Morgan County, Alabama.

**2.** 28 U.S.C. § 1447(c) provides in pertinent part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

## MEMORANDUM OPINION

HALTOM, Senior District Judge.

The above entitled civil action was commenced on May 6, 1992 in the Circuit Court of Morgan County, Alabama by plaintiff Denbo Iron and Metal Company, Inc. against defendant Transportation Insurance Company[1] and was removed to this United States District Court by defendant via Notice of Removal filed in the Office of the Clerk of this Court on June 4, 1992 with subject matter jurisdiction predicated on diversity of citizenship and amount in controversy. 28 U.S.C. § 1332; 28 U.S.C. §§ 1441(a) and 1446.

This case is now before this HM judge [to whom it is assigned] upon initial jurisdictional review.[2]

¶¶ 6, 7 and 8 of the Notice of Removal adequately and satisfactorily establish the citizenship of the corporate plaintiff and the corporate defendant both with respect to State of incorporation and State in which the principal place of business is located. However, neither plaintiff's complaint nor defendant's Notice of Removal [both reproduced in the Appendix hereto, without exhibits ■] nor any other part of the Court record establish or show that the matter in controversy exceeds the sum or value of $50,000 exclusive of interest and cost.[3]

Wright, Miller and Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3712 [Amount In Controversy] at pp. 176–178 provides in pertinent part:

> The law is now quite settled that attorney's fees are a part of the matter in controversy when they are provided for by contract[6] or by state statute;[7] but only a reasonable attorney's fee may be included.[8] The same is true when the action is for indemnification for a prior

**3.** Plaintiff's complaint contains two counts. Count 1 for state law breach of contract demands judgment against defendant in the sum of $9,000.00 for compensatory damages and $40,000.00 for punitive damages, plus interest, attorneys fees and court costs ... Count 2 is a bad faith refusal to pay insurance claim under Alabama law. The ad damnum clause in Count 2 is identical to that in Count 1.

judgment plus the attorney's fees incurred in defending the earlier action.[9] The precise amount of the fee may be in controversy at the time the action is instituted. When the applicable substantive law makes the award of an attorney's fee discretionary,[10] a claim that this discretion should be exercised in favor of plaintiff makes the requested fee part of the amount in controversy. But when there is no direct legal authority for an attorney's fee, a request for a fee cannot be included in the computation or the jurisdictional amount.[11]

[6] Wright, Miller & Cooper footnote omitted.
[7] Wright, Miller & Cooper footnote omitted.
[8] Wright, Miller & Cooper footnote omitted.
[9] Wright, Miller & Cooper footnote omitted.
[10] Wright, Miller & Cooper footnote omitted.
[11] Wright, Miller & Cooper footnote omitted.

N. 11 of § 3712 cites *Cupples Co. Mfrs. v. Farmers & Merchants State Bank*, 390 F.2d 184 (5th Cir.1968), and *Continental Cas. Co. v. Musgrove*, 305 F.2d 9 (5th Cir. 1962) as case authorities holding that when there is no direct authority for an attorney's fee, a request for a fee cannot be included in the computation of the jurisdictional amount. A review of these two former Fifth Circuit civil cases confirms that Wright, Miller & Cooper has correctly reported their holdings on the attorneys fee issue now under consideration. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) the Eleventh Circuit Court of Appeals adopted as binding precedent all cases decided by the Fifth Circuit Court of Appeals handed down by the close of business on September 30, 1981. In the Pocket Part of this Wright, Miller & Cooper volume the following sentence and citation appear under § 3712 at p. 21:

When the applicable substantive law makes the award of an attorney's fee discretionary, a claim that this discretion should be exercised in favor of plaintiff makes the requested fee part of the amount in controversy.[10.1]

[10.1] Wright, Miller & Cooper footnote omitted.

In 1 James W. Moore, et al. Moore's Federal Practice § 0.99[2] [2d.Ed 1985] we find in this treatise the following discussion of the issue whether attorneys fees claimed in a civil complaint can properly be considered in computing the 28 U.S.C. § 1332 amount in controversy monetary requirement:

The most significant private expense of litigation, of course, is attorney's fees. Usually, these cannot be included in the amount in controversy,[8] principally because the general "American Rule" provides that a successful litigant is not entitled to recover attorney's fees from her adversary.[9] In addition, inclusion of attorney's fees "would hinge federal jurisdiction on the fee schedules of lawyers instead of the weight of the substantive issue before the court." [10]

There are two important exceptions to the general prohibition of including private expenses, including attorney's fees, in determining the amount in controversy. First, if the plaintiff has a contractual right to recover such expenses, they become part of the relief claimed and thus the amount in controversy, even when the defendant disputes her liability for them.[11] For example in *Perma Glass Corp. v. Sasak Corp.*,[12] *the plaintiff sought recovery of $9,000 in damages and $3,000 in attorney's fees under a contract that permitted recovery of "all costs, including a reasonable attorney's fee." Because the attorney's fees were an item of recoverable damages under the contract, the court held that the amount in controversy was $12,000, which exceeded the then-required figure of an amount in excess of $10,000.*[13]

Second, where attorney's fees are allowed by statute they may be included in the jurisdictional sum, even though the statute may speak of them as costs and make them taxable as costs, provided the benefit ultimately accrues to the plaintiff.[14] For example, in *Foret v. Southern Farm Bureau Life Ins. Co.*,[15] the plaintiff sued in state court for $49,500 in damages and prayed for recovery of attorney's fees. The defendant removed the case to federal court on the basis of diversity of citizenship, asserting that the amount in controversy exceeded $50,-000. Plaintiff moved to remand the case

to state court, taking the bizarre position that he had no legal right to the attorney's fees for which he prayed in his state court complaint. After reviewing the applicable state law, the court found that the plaintiff did have a legal basis on which to claim attorney's fees which, when added to the damages claim, would satisfy the amount in controversy requirement.

In the absence of either a contractual or statutory right to recover attorney's fees or other private expenses of litigation, however, they may not be included in computing the amount in controversy.[16]

---

[8] Moore footnote omitted.
[9] Moore footnote omitted.
[10] Moore footnote omitted.
[11] Moore footnote omitted.
[12] Moore footnote omitted.
[13] Moore footnote omitted.
[14] Moore footnote omitted.
[15] Moore footnote omitted.
[16] Moore footnote omitted.

■ Testing the allegations of ¶ 10 of defendant's Notice of Removal ["10. The claim for attorneys fee in addition to a claim for $49,000 and the fact that a bad faith claim has been made shows that the amount in controversy, exclusive of interest and cost, exceeds $50,000.00."] by the rules of Wright, Miller and Cooper and Moores Federal Practice [cited above fully] hereinabove set out and by the binding precedent case authorities of the former Fifth Circuit Court of Appeals hereinabove cited leads to a logical and reasonable conclusion that the attorneys fee portion of the ad damnum clause in Counts 1 and 2 of plaintiff's complaint cannot be relied upon by the removing defendant or by this Court in determining whether the matter in controversy in this civil action exceeds the sum or value $50,000, exclusive of interest and costs. It is indeed certain that the attorneys fee claimed by plaintiff in its complaint in this civil lawsuit as part of its monetary damages are not provided for by contract or by state statute. Moreover, there is no applicable substantive Alabama law making an award of an attorneys fee in

this civil case discretionary. Furthermore, this is not a case where a common fund will be created for the benefit of several parties. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 100 S.Ct. 745, 62 L.Ed.2d 676 (1980) The "American Rule" permitting an award of attorneys fees only if authorized by statute, if provided in contract or if warranted by special equity, such as in a proceeding in which the attorneys efforts create a fund out of which fees may be paid, prevails in Alabama. *Lanier v. Moore–Handley, Inc.*, 575 So.2d 83 (Ala. 1991); *Bell v. Birmingham News Co.*, 576 So.2d 669 (Ala.Civ.App.1991). In sum, there simply is no direct or indirect legal authority for the award of an attorneys fee in the above entitled civil action. For these reasons, the removing defendant has failed to establish that the matter in controversy in this litigation exceeds the sum or value of $50,000, exclusive of interest and cost. Consequently, this United States District Court does not have diversity of citizenship subject matter jurisdiction over this case which will for that reason be forthwith remanded sua sponte by separate order entered.

### ORDER

It appearing to the Court that the above entitled civil action was removed improvidently and without jurisdiction,[1] it is sua sponte

ORDERED, ADJUDGED and DECREED that the above entitled civil action be and the same hereby is REMANDED to the Circuit Court of Morgan County, Alabama, from whence it was removed.

Costs are taxed against the removing defendant, Transportation Insurance Company.

DONE and ORDERED.

---

**1.** See Memorandum Opinion this day entered in   the above entitled civil action.