# STATE OF MICHIGAN

# COURT OF APPEALS

SUSAN R. BANK,

        Plaintiff-Appellant,

v

MICHIGAN EDUCATION ASSOCIATION-NEA
and NOVI EDUCATION ASSOCIATION MEA-
NEA,

        Defendants-Appellees.

FOR PUBLICATION
May 26, 2016
9:00 a.m.

No. 326668
Oakland Circuit Court
LC No. 2014-139221-CL

Before: MURPHY, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J.

Plaintiff appeals by right the trial court's dismissal of her claims on the grounds that the trial court lacked subject matter jurisdiction. We agree and affirm.

Plaintiff is a teacher in the Novi Community School District and was a member of defendants, both of which are unions. When plaintiff became a member in 2002, she signed, in relevant part, a "Continuing Membership Application" authorizing the deduction of dues and fees "unless I revoke this authorization in writing between August 1 and August 31 of any year." Plaintiff's collective bargaining agreement expired on June 30, 2013, but defendants deemed the Continuing Membership Application as a separate basis for ongoing membership and payment of dues or fees. Plaintiff attempted to resign her membership in September of 2013, outside the August window, without sending a letter of resignation. Defendants rejected that resignation, but accepted plaintiff's subsequent letter of resignation in August of 2014.

Plaintiff commenced the instant action, seeking several items of declaratory and injunctive relief, all premised on the Public Employee Relations Act (PERA), MCL 423.201 *et seq.*, as amended in 2012 by the law called, in the vernacular, the "Right to Work" law, which as enacted permits employees to take advantage of collective bargaining agreements without actually paying any collective bargaining units for their collective bargaining efforts. Specifically, plaintiff contends that the changes in the law rendered any contractual agreement to pay dues or resign only during August illegal or unenforceable, so she therefore is entitled to resign at any time and owes no outstanding fees or dues. Plaintiff also contends that defendants breached their duty of fair representation by failing to advise her of the change in the law and its relevant effect. The trial court concluded that plaintiff's PERA claims were under the exclusive

-1-

jurisdiction of the Michigan Employment Relations Commission (MERC), that her claims of breach of duty of fair representation should be heard by MERC pursuant to the doctrine of primary jurisdiction, and the remainder of her claims were either outside the court's jurisdiction or were "hypothetical and moot." The trial court therefore granted summary disposition in favor of defendants.

A grant or denial of summary disposition is reviewed de novo on the basis of the entire record to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). "[A] challenge to subject-matter jurisdiction may be raised at any time, even if raised for the first time on appeal." *Smith v Smith*, 218 Mich App 727, 729-730; 555 NW2d 271 (1996). "Whether the trial court had subject-matter jurisdiction is a question of law that this Court reviews de novo." *Steiner School v Ann Arbor Twp*, 237 Mich App 721, 730; 605 NW2d 18 (1999). We review de novo questions of statutory interpretation, with the fundamental goal of giving effect to the intent of the Legislature. *Weakland v Toledo Engineering Co, Inc*, 467 Mich 344, 347; 656 NW2d 175, amended on other grounds 468 Mich 1216 (2003). We likewise review de novo as a question of law the propriety of a trial court's decision regarding equitable relief on the facts as found by the court, but we will disturb those factual findings only if we find them clearly erroneous. *McDonald v Farm Bureau Ins Co*, 480 Mich 191, 197; 747 NW2d 811 (2008). A trial court's decision whether to grant or deny injunctive relief is reviewed for an abuse of discretion. *Pontiac Fire Fighters Union Local 376 v City of Pontiac*, 482 Mich 1, 8; 753 NW2d 595 (2008).

Plaintiff contends that she alleged a valid contract claim. We disagree. Her contract asserts no such claim. The gravamen of her claims as articulated in her complaint is that PERA, as amended in 2012, absolved her of any obligations to defendants, and defendants should have both advised her of that fact and honored it. Plaintiff articulates an argument to the general effect that no *other* contractual clauses or agreements to which she assented exist that alternately bind her to any dues or membership obligations. However, it appears plaintiff raised those arguments not for the purpose of asserting a claim based on contract, but rather to rebut an argument made by defendants. A contractual argument does not necessarily transform any of plaintiff's claims into contractual claims.

PERA governs public sector labor relations, and "MERC alone has jurisdiction and administrative expertise to entertain and reconcile competing allegations of unfair labor practices and misconduct under the PERA." *Rockwell v Bd of Ed*, 393 Mich 616, 630; 227 NW2d 736 (1975); see also *Kent Co Deputy Sheriffs' Ass'n v Kent Co Sheriff*, 463 Mich 353, 354-364, 362; 616 NW2d 677 (2000), distinguishing a FOIA request made to a union from a request "to remedy a violation of the PERA or of the collective bargaining agreement." Pursuant to MCL 423.216, "[v]iolations of the provisions of [MCL 423.210] shall be deemed to be unfair labor practices remediable by [MERC]." In one such provision, MCL 423.210(2)(a) prohibits labor organizations or their agents from "[r]estrain[ing] or coerc[ing] public employees in the exercise of the rights guaranteed in [MCL 423.209]."

Plaintiff's claims particularly pertain to the right contained in MCL 423.209(2)(a) as amended by the 2012 "Right to Work" law, which now states in relevant part:

(2) No person shall by force, intimidation, or unlawful threats compel or attempt to compel any public employee to do any of the following:

\* \* \*

(b) Refrain from engaging in employment or refrain from joining a labor organization or bargaining representative or otherwise affiliating with or financially supporting a labor organization or bargaining representative.

We note that MCL 423.210(3) contains another, similar prohibition against requiring membership in a collective bargaining organization, and MCL 423.209(3) provides an express fine for violation of § 9(2). However, neither of those provisions affects the plain language of MCL 423.210(2)(a) or MCL 423.209(2)(a). Notably, the Legislature did not change MCL 423.210(2)(a) when it enacted the "Right to Work" law in 2012. We find that the plain language of the statute makes all of the provisions of MCL 423.209, including MCL 423.209(2)(a), "right[] guaranteed in section 9" under MCL 423.210(2)(a). Therefore, the violation thereof by defendants alleged by plaintiff is an "unfair labor practice[]" pursuant to MCL 423.216.

Because the MERC has exclusive jurisdiction over plaintiff's claim regarding a PERA violation, the trial court did not err in granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(4). Furthermore, because it dismissed the claims on jurisdictional grounds, the trial court did not err in denying plaintiff's motion for summary disposition under MCR 2.116(C)(10); indeed, it could have done nothing else. See *Fox v Board of Regents of the Univ of Mich*, 375 Mich 238, 242-243; 134 NW2d 146 (1965).

Plaintiff next contends that the trial court erroneously dismissed her claim of breach of duty of fair representation. We disagree.

A person may assert a claim that a labor organization has breached its duty of fair representation in either an administrative or a judicial proceeding. *Demings v Ecorse*, 423 Mich 49, 63-64; 377 NW2d 275 (1985). However, the doctrine of primary jurisdiction can be raised "'whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body.'" *Attorney General v Diamond Mortgage Co*, 414 Mich 603, 613; 327 NW2d 805 (1982), quoting *United States v Western P R Co*, 352 US 59, 63-64; 77 S Ct 161; 1 L Ed 2d 126 (1956). The doctrine requires the trial court to stay further proceedings to permit the parties a reasonable opportunity to obtain an administrative ruling. *Travelers Ins Co v Detroit Edison Co*, 465 Mich 185, 207; 631 NW2d 733 (2001).

Our Supreme Court has set forth a three-part test for courts to consider in determining the question of primary jurisdiction:

First, a court should consider the extent to which the agency's specialized expertise makes it a preferable forum for resolving the issue. Second, it should consider the need for uniform resolution of the issue. Third, it should consider the potential that judicial resolution of the issue will have an adverse impact on the agency's performance of its regulatory responsibilities. [*Rinaldo's Constr Corp v*

*Michigan Bell Tel Co*, 454 Mich 65, 71; 559 NW2d 647 (1997) (internal quotations omitted).]

"Where applicable, courts of general jurisdiction weigh these considerations and defer to administrative agencies where the case is more appropriately decided before the administrative body." *Id*. at 71-72. We find that they weigh in favor of deferring to MERC.

First, MERC has specialized expertise in ruling on the provisions of the PERA. It "is the sole agency charged with the interpretation and enforcement of" public-sector labor law. *Cherry Growers, Inc v Michigan Processing Apple Growers, Inc*, 240 Mich App 153, 164; 610 NW2d 613 (2000). The recent amendments to PERA and their effect on defendants' duties to their members require the agency's specialized knowledge of a complicated area of law. Second, there is a need for uniform and consistent application of labor practices. See *Cherry Growers, Inc*, 240 Mich App at 164. In particular, this matter of defendants' duty to inform its members of the effects of changes in the law has statewide implications. We note that MERC is at this time already assessing the same arguments made by plaintiff here. A ruling of the circuit court in this case has the potential to contradict the agency's decision in a case already before it and undermine the uniformity and consistency in this complex field of law. Third, for the same reason, judicial resolution of this issue could adversely affect the agency's performance of its regulatory responsibilities. Because there are many members in defendant MEA throughout the state of Michigan, it is important to have consistent resolution of the extent of representation those members can expect. Accordingly, the trial court, in assessing the factors relating to the question of primary jurisdiction, did not err, and properly applied the doctrine of primary jurisdiction to this case.

Plaintiff finally argues that the trial court erred in dismissing the remainder of her claims as moot or hypothetical. We disagree.

An "actual controversy" must exist to invoke declaratory relief, and the requirement prevents a court from deciding hypothetical issues. *Shavers v Attorney General*, 402 Mich 554, 588-589; 267 NW2d 72 (1978). While courts are not prohibited from reaching issues before actual injuries occur, *id*. at 589, declaratory relief is unwarranted where there is no threat that would subject the plaintiff to any disadvantage in ultimately setting forth and maintaining its legal rights. See *Flint v Consumers Power Co*, 290 Mich 305, 310; 287 NW 475 (1939). Plaintiff has already resigned from defendants; it is impossible for this or any other Court to craft any relief that would improve plaintiff's ability to do what she has already done. Plaintiff's claim for declaratory or injunctive relief to the effect that she had a right to resign earlier is, as the trial court found, moot.

In contrast, plaintiff's claim for declaratory or injunctive relief to the effect that she owes outstanding fees or dues is not moot: it is undisputed that defendants believe plaintiff to owe some $1,075.69 in unpaid membership dues for the 2013 to 2014 school year. It is also undisputed that defendants have contacted plaintiff expressing the possibility that they might seek to collect those dues. Defendants also apparently have a policy of desiring to collect similar unpaid dues. Nevertheless, plaintiff's contention that defendants have threatened to *actually* do so is hyperbolic. We appreciate that it might be concerning to leave such a possibility lurking. However, we find nothing in the record supporting more than the possibility that a collections

action *could* be initiated.  We agree with plaintiff that a *threat* is sufficient to warrant declaratory relief, even if the threat remains dependent on future contingencies.  *U S Aviex Co v Travelers Ins Co*, 125 Mich App 579, 585-586; 336 NW2d 838 (1983).  In that case, the plaintiff was explicitly ordered to take a particular action or it *would* be subjected to a lawsuit, even though no such lawsuit had materialized by the time of the trial.  *Id*. at 583-584.  The communications here simply do not rise to that level.

Affirmed.

/s/ Amy Ronayne Krause
/s/ William B. Murphy
/s/ Mark J. Cavanagh