*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANN ARBOR EDUCATION ASSOCIATION,

      Respondent-Appellant/Cross-Appellee,

v

JEFFREY L. FINNAN,

      Charging Party-Appellee/Cross-Appellant.

UNPUBLISHED
March 19, 2019

No. 343577
MERC
LC No. 15-059636

ANN ARBOR EDUCATION ASSOCIATION,

      Respondent-Appellant/Cross-Appellee,

v

CORY J. MERANTE,

      Charging Party-Appellee/Cross-Appellant.

No. 343608
MERC
LC No. 16-003639

Before: SAWYER, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Respondent, Ann Arbor Education Association, appeals by petition, pursuant to MCL 423.216(e), the Michigan Employment Relations Commission (MERC) final decision and order entered affirming the findings of the administrative law judge (ALJ) and entering a cease and desist order against respondents. We affirm.

This appeal arises from a labor dispute between Jeffrey Finnan and Cory Merante (charging parties) and respondent. Charging parties were employed as teachers in the Ann Arbor

School District. Charging parties were also in a bargaining unit represented by respondent and subject to a collective bargaining agreement (CBA), titled 2009-2011 Master Agreement, executed by respondent and the Ann Arbor School District on August 28, 2009. The expiration date of the CBA was August 30, 2011. The CBA included an agency shop provision that required bargaining unit members, or charging parties in this case, to pay union membership dues or pay an agency fee. The CBA provided that the employer, Ann Arbor School District, could deduct the membership or agency fees from an employee's wages, although the CBA did not provide a procedure for respondent to collect the fees if the employer did not deduct the fees or the employee did not submit the payment.

On December 11, 2012, Michigan's Legislature enacted 2012 PA 349, effective March 28, 2013, which amended the public employment relations act (PERA), MCL 423.201 *et seq*. 2012 PA 349 established a public employee's right to refrain from organizing, forming, joining, or assisting labor organizations; engaging in lawful activities for the purpose of collective negotiation or bargaining; and negotiating or bargaining with their public employers through representatives of their own choice. The amendments to MCL 423.209 also established a public employee's right to refrain from financially supporting a labor organization.

On March 18, 2013, respondent AAEA and the Ann Arbor School District executed a memorandum of agreement that addressed portions of the CBA. The memorandum of agreement provided, in pertinent part, that "[i]f the Parties ratify this Agreement on or before March 27, 2013, this Section 3.100 'Membership Fees and Payroll Deductions,' and subsections through 3.140, shall be effective immediately upon the ratification of the Agreement by both Parties and shall continue in effect through June 30, 2016."[1]

On August 24, 2014, Finnan resigned his membership with respondent and its affiliates. On December 12, 2014, respondent sent Finnan a written demand seeking nonmember service fees for the 2014-2015 school year. Finnan responded with a check and a service fee election form, indicating that he paid the nonmember service fees under protest. Respondent subsequently sent Finnan monthly invoices from February 2015 to August 2015 for the remaining balance of the nonmember service fees, which Finnan paid. In August 2015, Merante resigned his membership with respondent and its affiliates.

On November 13, 2015, Finnan filed the initial unfair labor practice charge against respondent, alleging that respondent violated PERA by coercing Finnan to pay union membership dues or, in the alternative, to pay nonmember service fees after Finnan resigned his union membership.

---

[1] Thereafter, on June 20, 2014, respondent and the Ann Arbor School District executed another memorandum of agreement. This agreement did not address or otherwise amend the agency shop provision of the 2013 memorandum of agreement. On August 11, 2015, respondent and the Ann Arbor School District executed a memorandum of agreement that provided that the 2013 agency shop provision continued until June 30, 2016. This agreement did not otherwise amend the agency shop provision of the 2013 memorandum of agreement.

On December 18, 2015, respondent sent both charging parties written demands seeking nonmember service fees for the 2015-2016 school year. The written demands did not state or otherwise threaten that charging parties' employment would be in jeopardy if they did not pay the nonmember service fees. Charging parties sent service fee election forms declining membership in the union and sent checks for the nonmember service fees.

On February 17, 2016, Merante filed an unfair labor practice charge against respondent, alleging that respondent violated his right under PERA to refrain from joining or participating in a labor organization pursuant to MCL 423.209(1)(b) and that respondent violated its fair duty of representation. The administrative law judge (ALJ) subsequently consolidated the administrative cases.

After a hearing, the ALJ determined that respondent violated MCL 423.210(2)(a). Respondent filed exceptions to the ALJ's recommendation with MERC. After reviewing the relevant facts and law, MERC agreed with the ALJ that respondent did not violate MCL 423.210(3) because the 2013 memorandum of agreement did not require charging parties to pay union membership dues or nonmember service fees as a condition of continued employment. MERC held that, although the 2013 memorandum of agreement did not violate MCL 423.210(3), the exception under MCL 423.210(5) did not apply and did not render the agreement lawful. Additionally, MERC agreed with the ALJ that this Court's decision in *Taylor Sch Dist v Rhatigan*, 318 Mich App 617; 900 NW2d 699 (2016), applied to this case and was not factually distinguishable. MERC agreed with the ALJ that respondent committed an unfair labor practice by violating MCL 423.210(2)(a) and affirmed the ALJ's decision and recommended order. Finally, MERC determined that civil fines were not applicable in this case and that it lacked jurisdiction to assess civil fines pursuant to MCL 423.209(3).

On appeal, respondent argues that MERC erroneously applied this Court's decision in *Taylor* and that *Taylor* was improperly decided. We disagree.

This Court reviews de novo MERC's legal rulings. *Calhoun Intermediate Sch Dist v Calhoun Intermediate Ed Ass'n*, 314 Mich App 41, 46; 885 NW2d 310 (2016). This Court reviews MERC decisions pursuant to Const 1963, art 6, § 28, and MCL 423.216(e). *Id*. "MERC's legal determinations may not be disturbed unless they violate a constitutional or statutory provision or they are based on a substantial and material error of law." *Id*. (quotation marks and citation omitted). This Court gives respectful consideration to MERC's interpretation of a statute, but MERC's interpretation is not binding on this Court. MERC's interpretation of a statute "cannot conflict with the Legislature's intent as expressed in the language of the statute at issue." *Van Buren Co Ed Ass'n v Decatur Pub Sch*, 309 Mich App 630, 639; 872 NW2d 710 (2015) (quotation marks and citation omitted).

Panels of this Court must follow the rule of law established by a prior published decision of this Court issued on or after November 1, 1990. Only the Michigan Supreme Court or this Court by special panel may reverse a published opinion of this Court. MCR 7.215(J)(1).

As a threshold matter, this Court must follow its decision in *Taylor* because it has precedential effect as a published opinion of this Court. The Michigan Supreme Court denied leave for this case, and a special panel of this Court has not been convened. Therefore, this panel

does not have the authority to reverse *Taylor* and must follow the *Taylor* holding. See MCR 7.215(J)(1).

Additionally, the *Taylor* decision is directly applicable to this case. In this case, charging parties alleged that respondent requested nonmember service fees after they resigned from the union and asserted their right to refrain from belonging to and financially supporting a labor organization. On March 18, 2013, respondent executed the 2013 memorandum of agreement, which mandated union membership and payment of membership dues or payment of a service fee. As in *Taylor*, respondent here executed the agreement after the enactment of 2012 PA 349 but before its effective date of March 28, 2013. Charging parties filed their unfair labor practice charges in November 2015 and February 2016. PERA protected charging parties' right to refrain from financially supporting a labor organization when charging parties filed their charges, as in *Taylor*. Finally, charging parties here similarly asserted that the enforcement of the 2013 memorandum of agreement was in violation of their rights guaranteed by MCL 423.209.

This case is not factually distinguishable from *Taylor*. In both cases, MERC determined that unfair labor practices in violation of MCL 423.210 occurred. The agreement in this case extended for three years, whereas the agreement in *Taylor* expired after 10 years. The agreement in the instant case established a 3% wage reduction, whereas the charging parties in *Taylor* faced a 10% wage reduction and suspension of pay increases. Finally, in this case, MERC did not determine whether respondent breached its duty of fair representation, whereas the *Taylor* Court held that MERC did not err by concluding that the respondent union violated its duty of fair representation and committed an unfair labor practice. These factual differences were not relevant to the determination whether respondent's enforcement of the 2013 memorandum of agreement after the effective date of 2012 PA 349 constituted an unfair labor practice. We conclude that the *Taylor* decision was factually and legally relevant to this case. Therefore, MERC's legal conclusion that this Court's decision in *Taylor* applied to this case was not a substantial and material error of law. See *W A Foote Mem Hosp v Jackson*, 262 Mich App 333, 341; 686 NW2d 9 (2004) ("The rule of stare decisis generally requires courts to reach the same result when presented with the same or substantially similar issues in another case with different parties.").

Respondent next argues that MERC erred by concluding that the 2013 memorandum of agreement did not require charging parties to financially support the labor organization as a condition of their continued employment. Respondent also argues that the agency shop provision was valid and enforceable because it was executed before the effective date of 2012 PA 349 and was not subsequently extended or renewed. We disagree.

"MERC's factual findings are conclusive if they are supported by competent, material, and substantial evidence on the record considered as a whole." *Calhoun*, 314 Mich App at 46 (quotation marks and citation omitted). This Court will reverse a MERC determination only upon a clear showing of error. *AFSCME*, 311 Mich App at 453. "This evidentiary standard is equal to the amount of evidence that a reasonable mind would accept as sufficient to support a conclusion. While it consists of more than a scintilla of evidence, it may be substantially less than a preponderance." *Mount Pleasant Pub Sch v Mich AFSCME Council 25*, 302 Mich App 600, 615; 840 NW2d 750 (2013) (quotations marks and citation omitted). "Further, review of factual findings of the commission must be undertaken with sensitivity, and due deference must

be accorded to administrative expertise. Reviewing courts should not invade the exclusive fact-finding province of administrative agencies by displacing an agency's choice between two reasonably differing views of the evidence." *Id*. (quotation marks and citation omitted).

MCL 423.210(3) provides, in relevant part:

> Except as provided in subsection (4), an individual shall not be required as a condition of obtaining or continuing public employment to do any of the following:

> (a) Refrain or resign from membership in, voluntary affiliation with, or voluntary financial support of a labor organization or bargaining representative.

> (b) Become or remain a member of a labor organization or bargaining representative.

> (c) Pay any dues, fees, assessments, or other charges or expenses of any kind or amount, or provide anything of value to a labor organization or bargaining representative.

MCL 423.210(5) provides:

> An agreement, contract, understanding, or practice between or involving a public employer, labor organization, or bargaining representative that violates subsection (3) is unlawful and unenforceable. This subsection applies only to an agreement, contract, understanding, or practice that takes effect or is extended or renewed after March 28, 2013.

In this case, the agency shop provision provided that a teacher shall either become a member of the labor organizations or shall be considered an agency shop fee payer, meaning that a teacher must either pay union membership dues or pay a nonmember service fee. The 2013 memorandum of agreement also provided a procedure for a teacher's employer to deduct the membership dues or nonmember service fees from the teacher's wages, but it did not provide a mechanism for respondent to collect or enforce the payment of these fees. Additionally, neither the 2013 memorandum of agreement nor respondent's request for nonmember service fees threatened charging parties with termination or discharge from employment if they did not comply with the request. We conclude that MERC's finding that the agency shop provision did not require charging parties to pay union membership dues or nonmember service fees as a condition of continued employment was supported by competent, material, and substantial evidence on the record. We also conclude that MERC's legal conclusion that respondent did not violate MCL 423.210(3) was not a substantial and material error of law.

Further, MCL 423.210(5) does not render the agency shop provision in the 2013 memorandum of agreement lawful. The plain language of MCL 423.210(5) specifically provides that an agreement that takes effect or is extended or renewed after March 28, 2013, is unlawful and unenforceable if the agreement violates MCL 423.210(3). The *Taylor* Court held that MCL 423.210(5) applies only to agreements that violate MCL 423.210(3). See *Taylor*, 318 Mich App at 631. As MERC correctly determined, respondent did not violate MCL 423.210(3). Therefore,

MCL 423.210(5) does not apply, regardless of when the 2013 memorandum of agreement took effect or whether the agreement was extended or renewed. We conclude that MERC did not commit a substantial and material error of law by concluding that MCL 423.210(5) did not apply and that it did not render the 2013 memorandum of agreement lawful.

Respondent also raises the issue whether MERC erred by concluding that respondent violated MCL 423.210(2)(a) in its statement of questions presented. We conclude that this issue is deemed abandoned on appeal because respondent failed to brief the issue and failed to present any authority to support its position. "An appellant may not merely announce its position or assert an error and leave it to this Court to discover and rationalize the basis for its claims, unravel or elaborate its argument, or search for authority for its position." *Wiley v Henry Ford Cottage Hosp*, 257 Mich App 488, 499; 668 NW2d 402 (2003). Additionally, "[i]nsufficiently briefed issues are deemed abandoned on appeal." *Blackburne & Brown Mtg Co v Ziomek*, 264 Mich App 615, 619; 692 NW2d 388 (2004).

Finally, charging parties, in their cross-appeal, argue that MERC erred by holding that it lacked authority to assess civil fines pursuant to MCL 423.209(3) and by failing to assess the civil fines. We disagree.

MCL 423.209(2) prohibits a person from compelling a public employee by force, intimidation, or unlawful threat to participate or refrain from participating in a labor organization or bargaining unit.[2] MCL 423.209(3) provides:

> A person who violates subsection (2) is liable for a civil fine of not more than $500.00. A civil fine recovered under this section shall be submitted to the state treasurer for deposit in the general fund of this state.

---

[2] MCL 423.209(2) provides:

> No person shall by force, intimidation, or unlawful threats compel or attempt to compel any public employee to do any of the following:

> (a) Become or remain a member of a labor organization or bargaining representative or otherwise affiliate with or financially support a labor organization or bargaining representative.

> (b) Refrain from engaging in employment or refrain from joining a labor organization or bargaining representative or otherwise affiliating with or financially supporting a labor organization or bargaining representative.

> (c) Pay to any charitable organization or third party an amount that is in lieu of, equivalent to, or any portion of dues, fees, assessments, or other charges or expenses required of members of or public employees represented by a labor organization or bargaining representative.

> (d) Pay the costs of an independent examiner verification as described in section 10(9).

Therefore, a person is liable for a civil fine pursuant to MCL 423.209(3) if that person's conduct—by force, intimidation, or threat—compels a public employee to perform, or refrain from performing, the enumerated acts under MCL 423.209(2).

Regarding MERC's jurisdiction, "MERC alone has jurisdiction and administrative expertise to entertain and reconcile competing allegations of unfair labor practices and misconduct under the PERA." *Bank v Mich Ed Ass'n*, 315 Mich App 496, 500; 892 NW2d 1 (2016). MERC's powers cannot be inferred and must be no greater than the powers granted to the agency by clear and unmistakable language. *Saginaw Ed Ass'n v Eady-Miskiewicz*, 319 Mich App 422, 440; 902 NW2d 1 (2017). MERC has the power to issue a cease and desist order, to order affirmative action that effectuates the policies of PERA, and to order an injunction to prevent or correct the unfair labor practice. MCL 423.216(b); *Saginaw*, 319 Mich App at 440-441.

In this case, charging parties exercised their right to refrain from labor organization activities by resigning their membership in respondent. Respondent, a labor organization, coerced charging parties to pay nonmember service fees after they decided to discontinue their union membership. Respondent's conduct attempted to control charging parties' exercise of their right to abstain from belonging to the organization established by MCL 423.209(1)(a). There was no evidence of force, intimidation, or unlawful threats. Further, there was no evidence that respondent attempted to compel charging parties to begin exercising a right under MCL 423.209. Therefore, MERC properly concluded that respondent's conduct violated MCL 423.210(2)(a) and constituted an unfair labor practice. MERC also properly concluded that respondent's conduct did not violate MCL 423.209(2).

Because respondent did not violate MCL 423.209(2), the plain language of MCL 423.209 provides that civil fines pursuant to MCL 423.209(3) were not available. Therefore, MERC did not err in failing to assess civil fines under MCL 423.209(3). This Court declines to take this opportunity to address the issue whether MERC had jurisdiction to order civil fines pursuant to MCL 423.209(3) because MERC properly decided that MCL 423.209(3) civil fines were not applicable.

Affirmed.

/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly