*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VILLAGE OF GRAND BEACH and VILLAGE OF MICHIANA,

UNPUBLISHED
August 1, 2024

Plaintiffs-Appellants,

v

No. 361974
Berrien Circuit Court
LC No. 2021-000057-CZ

NEW BUFFALO TOWNSHIP,

Defendant-Appellee.

Before: N. P. HOOD, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

Plaintiffs appeal by right the circuit court's order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(8) (failure to state a claim) and (10) (no genuine issue of material fact). Because the circuit court lacked subject matter jurisdiction, we vacate its order and remand for the limited purpose of granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(4) (lack of subject matter jurisdiction).[1]

## I. BACKGROUND

The facts of this case are largely undisputed, and we are presented with questions of law. The adjoining villages of Grand Beach and Michiana both exist entirely within New Buffalo Township, and the villages collaborated to provide police services for both of their residents. On February 16, 2021, the Township confirmed the implementation of a special assessment starting in December 2021 and lasting 20 years to defray the costs associated with maintaining and operating fire, police, and emergency medical services for properties located within the Township,

---

[1] We note that while defendant did raise this argument in the trial court, it was erroneously raised as part of its argument in favor of summary disposition pursuant to MCR 2.116(C)(8). However, courts are "not bound by what litigants choose to label their motions because this would exalt form over substance." *Lieberman v Orr*, 319 Mich App 68 n 4; 900 NW2d 130 (2017) (quotation marks and citation omitted).

which included properties in the villages. The villages, in an effort to avoid paying for additional emergency services they deemed redundant, sought declaratory relief in the circuit court. The township argued that MCL 41.801(3) conferred upon it the authority to impose special assessments on all land within its limits even if the land is also within a village. The villages argued that, because MCL 41.810(1) defined "township" as including villages and because MCL 41.801(3) only allowed the imposition of special assessment on "adjoining townships" if the townships are "acting jointly," such special assessments could not be imposed upon the villages without their consent. The township also argued that the villages lacked standing and that the circuit court lacked jurisdiction.

The parties filed competing motions for summary disposition raising the arguments detailed above. The circuit rejected the township's argument regarding standing and jurisdiction, but it agreed with its arguments regarding the proper interpretation of the relevant statutes. Accordingly, the villages' motion for summary disposition was denied and the township's was granted. This appeal followed.

## II. STANDARDS OF REVIEW

This Court reviews de novo a trial court's decision to grant or deny a motion for summary disposition, and the evidence is viewed in a light most favorable to the nonmoving party. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). Summary disposition should be granted pursuant to MCR 2.116(C)(4) if "[t]he court lacks jurisdiction of the subject matter." "Whether the trial court had subject-matter jurisdiction is a question of law that this Court reviews de novo." *Bank v Mich Educ Ass'n-NEA*, 315 Mich App 496, 499; 892 NW2d 1 (2016) (quotation marks and citation omitted). This Court also reviews "de novo questions of statutory interpretation, with the fundamental goal of giving effect to the intent of the Legislature." *Id*.

## III. JURISDICTION

The township argues that the circuit court lacked jurisdiction to hear this case because the Michigan Tax Tribunal (MTT) had exclusive original jurisdiction. We agree.

"Subject-matter jurisdiction concerns the right of an adjudicative body to exercise judicial power over a class of cases not the particular case before it, but rather the abstract power to try a case of the kind or character of the one pending." *Petersen Fin LLC v Kentwood*, 326 Mich App 433, 441; 928 NW2d 245 (2018) (quotation marks, citation, and alterations omitted). "Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state." MCL 600.605. The exclusive jurisdiction of the MTT is laid out in Section 31 of the Tax Tribunal Act, MCL 205.701 *et seq*., which provides:

> The tribunal has exclusive and original jurisdiction over all of the following:
>
> (a) A proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under the property tax laws of this state.

(b) A proceeding for a refund or redetermination of a tax levied under the property tax laws of this state.

(c) Mediation of a proceeding described in subdivision (a) or (b) before the tribunal.

(d) Certification of a mediator in a tax dispute described in subdivision (c).

(e) Any other proceeding provided by law. [MCL 205.731.]

" 'Agency' means a board, official, or administrative agency empowered to make a decision, finding, ruling, assessment, determination, or order that is subject to review under the jurisdiction of the tribunal or that has collected a tax for which a refund is claimed." MCL 205.703(a).

The township argues that exclusive jurisdiction over this dispute is vested in the MTT pursuant to MCL 205.731(a).

> [F]or the tribunal to have jurisdiction pursuant to MCL 205.731(a), four elements must be present: (1) a proceeding for direct review of a final decision, finding, ruling, determination, or order; (2) of an agency; (3) relating to an assessment, valuation, rate, special assessment, allocation, or equalization; (4) under the property tax laws. [*Hillsdale Co Senior Servs v Hillsdale Co*, 494 Mich 46, 53; 832 NW2d 728 (2013).]

A lawsuit involving a "challenge to 'special assessments' levied by a public corporation, such as a township," falls within the exclusive and original jurisdiction of the MTT "so long as the assessment is levied under property tax laws." *Ashley Ann Arbor, LLC v Pittsfield Charter Twp*, 299 Mich App 138, 148; 829 NW2d 299 (2012) (quotation marks and citation omitted). However, the MTT "does not have jurisdiction over constitutional questions and does not possess authority to hold statutes invalid." *Meadowbrook Village Assoc v Auburn Hills*, 226 Mich App 594, 596; 574 NW2d 924 (1997). In this case, the villages "argument is not that the tax was assessed pursuant to an illegal statute, but rather that the factual circumstances make the tax assessment illegal under unchallenged statutes." *In re Petition of Wayne Co Treasurer for Foreclosure*, 286 Mich App 108, 112; 777 NW2d 507 (2009). Therefore, the MTT had original and exclusive jurisdiction, and the circuit court had no authority to hear this case.

## IV. CONCLUSION

Because the circuit court lacked the authority to bind the parties with respect to the substance of this dispute, we vacate its order granting summary disposition pursuant to MCR 2.116(C)(8) and (10). This case is remanded for the limited purpose of granting summary disposition in favor of the township pursuant to MCR 2.116(C)(4). We do not retain jurisdiction.

/s/ Noah P. Hood
/s/ Allie Greenleaf Maldonado